1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6   BRANDON ROE, et al.,

7                     Plaintiffs,

8   v.

9   STATE OF WASHINGTON, et al.,

10                    Defendants.

CASE NO. C13-5927 BHS

ORDER GRANTING
DEFENDANT HALL'S MOTION
FOR SUMMARY JUDGMENT

11

12       This matter comes before the Court on Defendant Deborah Hall, M.D.'s ("Dr.

13   Hall") motion for summary judgment (Dkt. 52).  The Court has considered the pleadings

14   filed in support of and in opposition to the motion and the remainder of the file and

15   hereby grants the motion for the reasons stated herein.

16                          **I. PROCEDURAL HISTORY**

17       On July 12, 2013, Plaintiffs Brandon Roe and Teri Roe ("the Roes") filed a civil

18   rights and personal injury suit against various defendants, including Dr. Hall, in Thurston

19   County Superior Court.  Dkt. 1 at 10.  On October 18, 2013, the case was removed to this

20   Court.  *Id.* at 1–2.

21       On June 26, 2014, the Roes filed an amended complaint.  Dkt. 46.  The Roes

22   allege that Dr. Hall negligently investigated child abuse allegations and conspired with

Department of Social and Health Services ("DSHS") employees and law enforcement to interfere with the Roes' civil rights. *Id.* at 15–16.

On September 17, 2014, Dr. Hall moved for summary judgment. Dkt. 52. On October 3, 2014, the Roes responded. Dkt. 53. On October 10, 2014, Dr. Hall replied. Dkt. 55.

## II. FACTUAL BACKGROUND

In 2010, a family friend noticed that the Roes' three-year-old daughter, NR, had bruising on her face. Dkt. 25, Declaration of Deborah K. Hall ("Hall Dec."), Exs. 1, 2. When the friend asked NR what happened, NR said that "mommy did it." Hall Dec., Ex. 2. NR later said that "the dog did it." *Id.*

The friend reported NR's bruising to Child Protective Services ("CPS"). Hall Dec., Ex. 1. A CPS social worker discovered more bruising on NR's lower back. Hall Dec., Exs. 1, 2.

The Roes denied causing NR's injuries. Hall Dec., Ex. 1. According to the Roes, NR injured her face by tripping over their new dog. *Id.* Although the Roes had given NR a bath the day before, the Roes did not notice the bruising on NR's lower back. *Id.* The Roes did not know how NR obtained the bruising on her lower back. *Id.* On previous occasions, the Roes had expressed concern that NR was clumsy and fell easily to NR's doctors. Hall Dec. ¶ 14.

NR was removed from the Roes' home and placed in protective custody. Hall Dec., Ex. 1. DSHS and Cowlitz County law enforcement initiated an investigation into

possible child abuse.  *Id.*  Teri Roe was later charged with third-degree assault.  Dkt. 46 at 9.

As part of the DSHS investigation, social worker Stephanie Frost ("Frost") asked Dr. Hall to review NR's records and provide an expert opinion "in regards to this child physical abuse case."  Hall Dec., Ex. 1.  Dr. Hall has twenty years of experience as a child abuse consultant.  Hall Dec. ¶ 5.  Dr. Hall's consultation in this case occurred in her capacity as a child abuse consultant.  *Id.* ¶¶ 8–9.

After reviewing NR's medical records and photos, Dr. Hall sent Frost a letter that contained her opinions about NR's bruising.  Hall Dec., Ex. 2.  In the letter, Dr. Hall noted that NR's test results for bleeding disorder and clumsiness were normal.  *Id.*  Dr. Hall also noted that photos of NR showed a bruise across the bridge of her nose, a scratch below her left eye, bruises above her right elbow, and bruises across her lower back.  *Id.* NR had bruises on the pinna of her right ear as well.  *Id.*  According to Dr. Hall, there was a pattern on the left face consistent with a slap mark.  *Id.*  Dr. Hall concluded that "[t]he findings on this case are all very concerning for physical abuse.  The bruising of the ears in this pattern is nearly diagnostic of abuse."  *Id.*

In addition to the letter, Dr. Hall shared her opinions about NR's bruising during her deposition in the dependency proceedings.  Hall Dec. ¶¶ 11–12.  At Dr. Hall's deposition, the Roes' attorney showed Dr. Hall a photo of a bruise on NR's left ear.  Hall Dec., Ex. 3 at 56–61.  The photo was taken the day before Dr. Hall's deposition.  *Id.* at 58.  In light of the new photo, Dr. Hall admitted that she would be interested in more information about NR's balance and fall history.  *Id.* at 60.  Towards the end of the

1  deposition, Dr. Hall stated that she would change her report to say "[t]he bruising of the

2  ears in this pattern is concerning for abuse." *Id.* at 72.  Dr. Hall further stated that "the

3  bruising on the back, the changing story about the nose, and the bruising on the

4  ear . . . still make me concerned that [abuse] is a possibility." *Id.*

5       Finally, Dr. Hall shared her opinions about NR's bruising as a witness for the

6  prosecution at Teri Roe's criminal trial.  Hall Dec. ¶ 18.

7                              **III. DISCUSSION**

8       Dr. Hall moves for summary judgment, arguing that she is immune from liability

9  under Washington law.  Dkt. 24 at 2.  The Roes argue that Dr. Hall is not immune

10  because she acted in bad faith and was grossly negligent.  Dkt. 53 at 7.

11  **A.       Summary Judgment Standard**

12       Summary judgment is proper only if the pleadings, the discovery and disclosure

13  materials on file, and any affidavits show that there is no genuine issue as to any material

14  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

15  The moving party is entitled to judgment as a matter of law when the nonmoving party

16  fails to make a sufficient showing on an essential element of a claim in the case on which

17  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

18  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

19  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

20  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

21  present specific, significant probative evidence, not simply "some metaphysical doubt").

22  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

1  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

2  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

3  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

4  626, 630 (9th Cir. 1987).

5  　　　　The determination of the existence of a material fact is often a close question.  The

6  Court must consider the substantive evidentiary burden that the nonmoving party must

7  meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

8  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

9  issues of controversy in favor of the nonmoving party only when the facts specifically

10  attested by that party contradict facts specifically attested by the moving party.  The

11  nonmoving party may not merely state that it will discredit the moving party's evidence

12  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

13  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

14  nonspecific statements in affidavits are not sufficient, and missing facts will not be

15  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

16  **B.    Dr. Hall's Motion**

17  　　　　Dr. Hall argues that she is immune from liability under Washington's child abuse

18  reporting statute, RCW 26.44.060.  Dkt. 24 at 2.  The Roes argue that Dr. Hall is not

19  immune because she acted in bad faith and was grossly negligent.  Dkt. 53 at 7.

20

21  　　　　"[Washington's] child abuse reporting statute, RCW 26.44.060, immunizes those

22  who report suspected child abuse to the authorities from suits based on adverse

consequences of reporting." *Webb v. Neuroeducation Inc., P.C.*, 121 Wn. App. 336, 348

(2004). The statute provides, in relevant part, as follows:

> (1)(a) [A]ny person participating in good faith in the making of a
> report pursuant to this chapter or testifying as to alleged child abuse or
> neglect in a judicial proceeding shall in so doing be immune from any
> liability . . . .
> (5) A person who, in good faith and without gross negligence,
> cooperates in an investigation arising as a result of a report made pursuant
> to this chapter, shall not be subject to civil liability arising out of his or her
> cooperation.

RCW 26.44.060.

The Roes' claims against Dr. Hall arise out of her participation in the DSHS

investigation into alleged child abuse and her testimony in the subsequent judicial

proceedings. Specifically, Dr. Hall's involvement includes (1) providing her expert

opinion as to NR's injuries during the DSHS investigation; (2) giving a deposition during

the dependency proceedings; and (3) testifying during Teri Roe's criminal trial. Dr.

Hall's involvement in this case falls squarely within RCW 26.44.060(1)(a) (testifying as

to alleged child abuse in a judicial proceeding) and RCW 26.44.060(5) (cooperating in an

investigation into alleged child abuse).[1] Accordingly, Dr. Hall is immune from liability if

she acted in good faith and without gross negligence. *See* RCW 26.44.060(1)(a), (5).

Dr. Hall bears the burden of establishing good faith. *Lesley v. Dep't of Soc. &*

*Health Servs.*, 83 Wn. App. 263, 274 (1996). "To establish good faith, [Dr. Hall] must

have acted with a reasonable good faith intent, judged in light of all the circumstances

---

[1] The Roes concede that RCW 26.44.060(5) "directly applies to Defendant Hall's
involvement in this case . . . ." Dkt. 53 at 4.

ORDER - 6

1   then present." *Id.* at 281 (internal quotation marks omitted).  "[G]ood faith is a state of

2   mind indicating honesty and lawfulness of purpose."  *Whaley v. State*, 90 Wn. App. 658,

3   669 (1998).

4           Viewing the evidence in the light most favorable to the Roes, Dr. Hall acted in

5   good faith and was not grossly negligent in this case.  As a child abuse consultant, Dr.

6   Hall was asked to provide her expert opinion about NR's injuries.  Hall Dec., Ex. 1.  In

7   doing so, Dr. Hall reviewed NR's medical records and photos.  Hall Dec., Ex. 2.  NR's

8   test results for clumsiness were normal.  *Id.*  Photos of NR showed bruising on the pinna

9   of her right ear.  *Id.*  In Dr. Hall's twenty years of experience, bruising on the pinna is

10  frequently associated with abuse.  Hall Dec. ¶ 17.  NR also had bruising across her lower

11  back.  *Id.*  Dr. Hall was not provided with a reasonable explanation for the bruising on

12  NR's back.  Hall Dec. ¶ 13.  After reviewing this information, Dr. Hall was concerned

13  that NR was being abused.  Hall Dec., Ex. 2.  Although Dr. Hall altered her opinion about

14  the bruising on NR's ear during her deposition, Dr. Hall did so in light of new evidence

15  that was not previously provided to her.  Hall Dec., Ex. 3 at 58, 72.  Nothing in the record

16  suggests that Dr. Hall was dishonest in providing her opinions or that she acted with an

17  unlawful purpose.  *See Whaley*, 90 Wn. App. at 669.  Accordingly, a reasonable jury

18  would conclude that Dr. Hall acted reasonably and in good faith.

19          The Roes argue that that Dr. Hall acted in bad faith and was grossly negligent.

20  Dkt. 53 at 7.  According to the Roes, Dr. Hall disregarded relevant facts, did not do any

21  independent investigation, and relied entirely on information provided by Frost.  *Id.*  The

22  Roes, however, do not provide any legal authority, testimony, or evidence that establishes

1   Dr. Hall had a duty to conduct an additional investigation in this case.  The Roes also do

2   not provide any evidence that Dr. Hall acted in bad faith or was grossly negligent.  To the

3   contrary, the evidence in the record establishes that Dr. Hall acted reasonably in this case.

4   *See* Dkt. 56, Declaration of Kimberly D. Baker, Ex. A.  Even if Dr. Hall was mistaken

5   about the cause of NR's injuries, Dr. Hall is still immune from liability because a

6   reasonable jury would find that Dr. Hall came to her conclusion in good faith and without

7   gross negligence.  *See Miles v. State*, 102 Wn. App. 142, 159 (2000).

8       Given the evidence in the record, Dr. Hall acted in good faith and without gross

9   negligence when she provided her opinions about NR's injuries during the DSHS

10  investigation and subsequent judicial proceedings.  Dr. Hall is therefore immune from

11  liability under RCW 26.44.060(1)(a) and (5).  The Court grants Dr. Hall's motion.

12                          **IV. ORDER**

13      Therefore, it is hereby **ORDERED** that Dr. Hall's motion for summary judgment

14  (Dkt. 52) is **GRANTED**.  The claims against Dr. Hall are **DISMISSED**.

15      Dated this 19th day of November, 2014.

16

17

18      _____
        BENJAMIN H. SETTLE
19      United States District Judge

20

21

22